IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HARBOR GRAND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-5335 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| EMCASCO INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff The Harbor Grand, LLC ("Harbor") has petitioned this Court to appoint an umpire to appraise a recently damaged hotel owned by Harbor and insured by Defendant EMCASCO Insurance Company ("EMC"). EMC has moved to dismiss or transfer the action under Federal Rule of Civil Procedure 12(b)(2) (for lack of personal jurisdiction), Rule 12(b)(3) (for improper venue), and/or the doctrine of *forum non conveniens*. For the reasons stated below, EMC's motion to dismiss for lack of personal jurisdiction is granted, and its remaining motions are denied as moot.

## I.      Background

EMC is an insurer that is incorporated and has its principal place of business in Iowa. Pet. Appoint Umpire Appraisal Process ¶ 2, ECF No. 1 ("Pet."). Harbor, a Delaware company that is registered to do business in Michigan and whose sole member resides in Illinois, contracted with EMC to insure a hotel located in New Buffalo, Michigan. *Id.* ¶¶ 1, 5; Def.'s Mot. Dismiss or Transfer Fed. R. Civ. P. 12(b)(2), 12(b)(3), and, Alternatively, Doctrine of *Forum Non Conveniens* at 2, ECF. No. 13

("Mot. Dismiss"). The policy was issued in Lansing, Michigan to Harbor on April 1, 2019, through a broker in Berrien Springs, Michigan. Mot. Dismiss at 2; Mot. Dismiss, Ex. A, Business Protection Policy, at 1. EMC's principal adjuster on the policy resides and works in Iowa. *Id.* at 3.

About six months after the policy was issued, and while it was still in effect, a fire occurred at the hotel. Pet. ¶ 6. The building was "almost entirely damaged by water" during efforts to put out the fire. *Id.* Harbor made a claim under the policy, but it could not agree with EMC either on the "amount of loss or the value of the property." *Id.* ¶¶ 6–7. Consequently, EMC invoked the policy's appraisal provision. *Id.* ¶ 7.

This provision states that, in the event the parties cannot agree on the value of the insured property or the amount of loss, each party will "select a competent and impartial appraiser," and that the two appraisers will in turn select an umpire. *Id.* ¶ 8. Under the policy, if the appraisers cannot agree on an umpire, either appraiser may request that the umpire be selected "by a judge of a court having jurisdiction." *Id.*

The appraisers selected by the parties were unable to agree on an umpire. *Id.* ¶¶ 9–10. And, as a result, Harbor filed this miscellaneous action asking this Court to appoint an umpire. *See generally* Pet. In response, EMC had moved to dismiss or transfer the action for lack of personal jurisdiction, improper venue, and/or *forum non conveniens. See generally* Mot. Dismiss.

## II.     Legal Standard

Personal jurisdiction is this Court's "power to bring a person into its adjudicative process." *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1187 (N.D. Ill. 2014) (quoting *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014)).  What legal standard to use in evaluating a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction depends on whether any material facts are in dispute.  If so, the Court must hold an evidentiary hearing, and the party asserting jurisdiction must prove personal jurisdiction by a preponderance of the evidence. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). But where, as here, there is no dispute of material fact, "the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction."  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

## III.     Analysis

Since "[a] federal court's personal jurisdiction is determined by the laws of its forum state," this Court will apply Illinois law to determine if it has personal jurisdiction over EMC.[1]  *Collazo v. Enter. Holdings, Inc.*, 823 F. Supp. 2d 865, 868 (N.D. Ind. 2011) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). Illinois' personal jurisdiction statute authorizes Illinois courts to exercise personal

---

[1]     At the outset, the Court notes Harbor's argument that "[t]his is not a civil suit where discovery, depositions, or trial will occur, but simply a petition to appoint an umpire pursuant to an insurance policy." Pet'r's Resp. Def.'s Mot. Dismiss or Transfer at 1, ECF No. 17 ("Pet'r's Resp."). It is unclear to the Court what Harbor is getting at with this distinction, especially since it seems to concede that the appraisal policy requires the umpire to be appointed by a "court having jurisdiction." *Id.*  For the same reason, the Court finds no relevance in Harbor's contention that the policy lacks a forum-selection clause. *Id.*

jurisdiction over defendants to the extent permitted by the Illinois and United States Constitutions. *Russell v. SNFA*, 987 N.E.2d 778, 784 (Ill. 2013) (citing 735 Ill. Comp. Stat. 5/2-209(c) (West 2002)). Because this Court finds the federal constitutional analysis dispositive, and the parties have not shown that the analysis is any different under the Illinois Constitution, it will not discuss the Illinois Constitution. *See, e.g., Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 444 (Ill. 2017) ("Because defendant in this case does not argue that the Illinois Constitution imposes any greater restraints on the exercise of jurisdiction than the federal constitution, we consider only federal constitutional principles.").

A court's assertion of personal jurisdiction over a defendant exposes the defendant to the court's "coercive power" and, therefore, is "subject to review for compatibility" with the federal Constitution's due process provisions. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). In turn, due process requires that the defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two basic forms of personal jurisdiction that satisfy the demands of due process: general jurisdiction and specific jurisdiction. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). Neither is present here.

First, "[g]eneral jurisdiction is all-purpose; it permits a defendant to be sued in a forum for *any* claim, regardless of whether the claim has any connection to the

forum state." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019). "For a court to exercise general jurisdiction . . . , the defendant's connection to the forum state must be so 'continuous and systematic as to render [it] essentially at home' there." *J.S.T. Corp.*, 965 F.3d at 575 (quoting *Goodyear*, 564 U.S. at 919) (internal quotation marks omitted). This is a high bar, seldom met unless the defendant is incorporated in the state or has its principal place of business there. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015); *see also NExTT Sols., LLC v. XOS Techs., Inc.*, 71 F. Supp. 3d 857, 862 (N.D. Ind. 2014) ("After *Goodyear* was decided in 2011, courts in this circuit have rarely found general jurisdiction to exist.").

Here, it is undisputed that EMC is incorporated and has its principal place of business in Iowa, not Illinois. Pet. ¶ 2. Nevertheless, Harbor insists that general jurisdiction exists because EMC has an office in Illinois, "conducts and is registered to do business in Illinois," "presumably has employees in Illinois," and "advertises [its] products in Illinois and solicits business in Illinois." Pet'r's Resp. Def.'s Mot. Dismiss or Transfer at 2, ECF No. 17 ("Pet'r's Resp."). The Court does not doubt that these facts are relevant "factors" in the general-jurisdiction inquiry, as Harbor asserts. *Id.* The question, though, is how *strongly* those factors point in favor of general jurisdiction in this case. The answer is not strongly at all.

In *Daimler AG v. Bauman*, the Supreme Court found California lacked general jurisdiction over a corporation when its corporate subsidiary had a regional office and two other facilities in California and ranked as the single "largest supplier of luxury

vehicles to the California market." 571 U.S. 117, 123, 139 (2014). If that corporation was not "at home" in California, then EMC certainly is not "at home" in Illinois. Just one of EMC's sixteen offices is located in Illinois, and the Court has no information regarding how large that office is or how much business it conducts. Mot. Dismiss at 3. As such, Harbor has failed to make a *prima facie* showing that EMC is subject to general jurisdiction in Illinois. *See also Sullivan v. Sony Music Ent.*, No. 14 CV 731, 2014 WL 5473142, at *3 (N.D. Ill. Oct. 29, 2014) (rejecting argument that court had general jurisdiction over entity that was "registered to business in Illinois, maintain[ed] a registered agent for service of process in the state, and operate[d] a facility in Bolingbrook, Illinois that distribute[d] music and videogames").

Second, it is equally clear that EMC is not subject to specific personal jurisdiction in Illinois. "A court may exercise specific jurisdiction over a defendant when '(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities.'" *Breneisen v. Countryside Chevrolet/Buick/GMC, Inc.*, No. 20 C 2867, 2021 WL 963763, at *2 (N.D. Ill. Mar. 15, 2021) (quoting *Tamburo*, 601 F.3d at 702).

The Court will assume, for the sake of argument, that EMC, by virtue of its branch office in Illinois, has "purposefully availed" itself of the privilege of doing business in Illinois. But Harbor's alleged injury did not arise out of EMC's Illinois-related activities. Indeed, none of the events giving rise to the present dispute took place in Illinois. EMC, an Iowa-based insurer, issued a policy through a broker in

Michigan to insure a hotel also located in Michigan. Pet. ¶ 2; Mot. Dismiss at 2. The principal adjuster on the policy lives and works in Iowa. Mot. Dismiss at 3. The damage to the hotel occurred in Michigan. Pet. ¶ 6. If Illinois has *any* material connection to the events giving rise to the present claim, the Court is unaware of it.[2] Thus, Harbor has failed to make out a *prima facie* case of specific jurisdiction.

Simply put, Illinois has neither general nor specific jurisdiction over EMC. As such, EMC's motion to dismiss for lack of personal jurisdiction is granted. In light of this dispositive holding, EMC's motions related to venue and *forum non conveniens* are denied as moot. The Court has no reason to believe the action will be time-barred by dismissal, and EMC has assured the Court it stands ready to file a similar action in a court that has jurisdiction.

## IV.    Conclusion

For the reasons discussed above, EMC's motion to dismiss for lack of personal jurisdiction is granted, and its remaining motions are denied as moot.

**IT IS SO ORDERED.**                    **ENTERED:   9/6/22**

_____
**John Z. Lee**
**United States District Judge**

---

[2]    It is true that the appraisers selected by the parties are located in Illinois. Mot. Dismiss at 4 n.3. But Harbor offers no authority indicating that this fact matters in a personal-jurisdiction analysis, so to the extent it offers that argument, it is waived. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (stating that undeveloped arguments not supported by pertinent authority are waived).

7